NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000711
31-AUG-2016
11:15 AM

NO. CAAP-12-0000711

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


TITLE GUARANTY ESCROW SERVICES, INC., a Hawaii corporation,
Plaintiff-Appellee,
v.
WAILEA RESORT COMPANY, LTD., a Hawaii corporation,
Defendant/Cross-Claim Defendant/Cross-Claim Plaintiff/Appellee,
and
MICHAEL J. SZYMANSKI,
Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Third-Party
Plaintiff/Third-Party Counterclaim-Defendant/Appellant,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
ENTITIES 1-50; DOE GOVERNMENTAL UNITS 1-50,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 02-1-0352(2))


MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Michael J. Szymanski (Szymanski)
appeals from the: (1) order denying Szymanski's Hawaiʻi Rules of
Civil Procedure (HRCP) Rule 60(b) motion (Order Denying Rule
60(b) Motion), filed on January 4, 2012;[1] and (2) order denying
Szymanski's HRCP Rule 59(e) motion for reconsideration of the

---

[1] The Honorable Shackley F. Raffetto presided except where otherwise indicated.

denial of his HRCP Rule 60(b) motion (Order Denying Rule 59(e) Motion), filed on July 11, 2012 in the Circuit Court for the Second Circuit (circuit court).[2]

Szymanski contends the circuit court abused its discretion by: (1) denying Szymanski's HRCP Rule 60(b) motion (Rule 60(b) Motion) despite an alleged conflict of interest for the judge who presided as to matters decided over six years previous; and (2) denying Szymanski's motion for reconsideration of the Order Denying Rule 60(b) Motion, filed pursuant to HRCP Rule 59(e) (Rule 59(e) Motion).

For the reasons discussed below, we affirm.

## I. Background

This appeal stems from a complaint for interpleader, filed on July 19, 2002, by Plaintiff-Appellee Title Guaranty Escrow Services, Inc. (Title Guaranty) against Szymanski and Defendant-Appellee Wailea Resort Company, Ltd. (WRC) for the purpose of, *inter alia*, determining the rights to funds held by Title Guaranty in an escrow account.

WRC and Szymanski filed cross-claims against each other disputing whether there was performance under a land sales contract for a twenty-three-acre parcel of undeveloped land in Wailea, Maui, Hawai'i (the Property).

On August 10, 2004, WRC filed a motion for summary judgment regarding Szymanski's cross-claim against WRC. On September 17, 2004, Szymanski filed a motion for partial summary judgment on Counts I and III of his cross-claim against WRC.

On October 6, 2004, the circuit court held a hearing on WRC's motion for summary judgment and Szymanski's motion for partial summary judgment. The Honorable Rhonda I.L. Loo presided. The circuit court orally ruled in WRC's favor and denied Szymanski's motion for partial summary judgment. On October 20, 2004, the circuit court filed an order granting WRC's motion for summary judgment and denying Szymanski's motion for

---

[2] The Honorable Blaine J. Kobayashi presided.

partial summary judgment (Order Granting Summary Judgment).

On October 29, 2004, Szymanski filed a motion for reconsideration of the Order Granting Summary Judgment. On December 2, 2004, the circuit court held a hearing on Szymanski's motion for reconsideration and orally denied the motion. Again, Judge Loo presided. On December 7, 2004, the circuit court filed an order denying Szymanski's motion for reconsideration.

On April 20, 2005, Judge Raffetto entered an HRCP Rule 54(b) Final Judgment (Rule 54(b) Judgment) as to the Order Granting Summary Judgment and the order denying Szymanski's motion for reconsideration.

On April 25, 2005, Szymanski filed a Notice of Appeal from the Rule 54(b) Judgment. On April 27, 2009, this Court issued a Summary Disposition Order (SDO), which, upon a de novo review, concluded "that the circuit court did not err in granting summary judgment." Title Guar. Escrow Servs., Inc. v. Szymanski et al., No. 27254, 2009 WL 1112604, 120 Hawai'i 383, 205 P.3d 648, at *3 (Haw. App. Apr. 27, 2009)(SDO).

On July 28, 2010, the circuit court filed a "Final Judgment as to All Claims and Parties" (Final Judgment). The Final Judgment resolved the remaining claims of the case and also reasserted the prior Rule 54(b) Judgment. On August 27, 2010, Szymanski filed a Notice of Appeal from the Final Judgment, which became appellate case No. 30697.

On September 19, 2011, over six years after entry of the Rule 54(b) Judgment, Szymanski filed the Rule 60(b) Motion based on Judge Loo's alleged failure to recuse herself. In his Memorandum of Law in Support of Motion, Szymanski argued that because Judge Loo owned stock in Alexander & Baldwin, Inc. (A&B), Judge Loo had a direct financial interest in the outcome of this case and should have recused herself and not considered WRC and Szymanski's competing motions for summary judgment back in 2004. A&B was never a party to this case. Rather, on October 1, 2003, a Limited Warranty Deed was recorded with the State of Hawai'i Bureau of Conveyances, which transferred the Property from WRC to

3

Wailea Estates, LLC (Wailea Estates). A&B Properties, Inc., a subsidiary of A&B, is a member of Wailea Estates. Thus, Szymanski contended that the Order Granting Summary Judgment served to deny Szymanski any claims to the Property and benefitted A&B, which in turn allegedly financially benefitted Judge Loo.

On January 4, 2012, in addressing Szymanski's claims of conflict, the circuit court (Judge Raffetto) filed the Order Denying Rule 60(b) Motion. Judge Raffetto denied the motion on five grounds:

> 1. The matter is moot because the Intermediate Court of Appeals affirmed the motion for summary judgment ruling and there is no causation of any consequences to Mr. Szymanski from Judge Rhonda Loo's failure to recuse herself in this matter;
> 2. Mr. Szymanski failed to show any bias by the Court or Judge Loo;
> 3. Mr. Szymanski failed to show any appearance of impropriety by the Court or Judge Loo;
> 4. Mr. Szymanski failed to show any appearance of bias by the Court or Judge Loo; and
> 5. No reasonable person could find that there was any appearance of impropriety or appearance of bias by the Court or Judge Loo.

On January 13, 2012, Szymanski filed the Rule 59(e) Motion, requesting reconsideration of the denial of the Rule 60(b) Motion. On July 11, 2012, the circuit court filed the Order Denying Rule 59(e) Motion.[3]

On August 10, 2012, Szymanski timely appealed from the Order Denying Rule 60(b) Motion and the Order Denying Rule 59(e) Motion.

On October 24, 2013, this court filed an SDO vacating the July 28, 2010 Final Judgment. Title Guar. Escrow Servs., Inc. v. Szymanski et al., No. 30697, 2013 WL 5761945 103 Hawai'i 435, 312 P.3d 311 (Haw. App. Oct. 24, 2013) (SDO).

II. Discussion

A. Mootness Based on Appellate Case No. 30697

On May 30, 2014, this court filed an order which, *inter*

---

[3] The Honorable Blaine J. Kobayashi presided. The order shows that a hearing was held regarding the Rule 59(e) Motion on June 27, 2012, however, the transcripts of the hearing do not appear to be in the record.

*alia*, instructed the parties in their appellate briefs to address whether any part of this appeal is moot in light of the fact that this court in No. 30697 vacated the Final Judgment entered on July 28, 2010. See Title Guar., 2013 WL 5761945.

It appears that the SDO in appeal No. 30697 vacated the Final Judgment and addressed three points of error separate and apart from the Rule 54(b) Judgment entered in 2005. Title Guar., 2013 WL 5761945 at *1. The points of error in appeal No. 30697 addressed Szymanski's representation during events that occurred after the Rule 54(b) Judgment and the distribution of funds from the escrow account. Id. at *1. Thus, the Final Judgment was vacated on issues not related to the Rule 54(b) Judgment addressed in this appeal. Therefore, the issues in this appeal are not moot.

### B. Rule 60(b) Motion

Szymanski contends that the circuit court erred when it denied his Rule 60(b) Motion. "A circuit court's determination of an HRCP Rule 60 motion is reviewed for an abuse of discretion." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003).

Szymanski contends that the circuit court abused its discretion because (1) Rule 60(b) relief can be granted even after an appeal affirmed the underlying decision, thus the issue is not moot; and (2) Judge Loo's financial interest was not *de minimis* and she was required to recuse herself due to an appearance of impropriety, thus Szymanski should be granted Rule 60(b) relief.[4] Szymanski contends that the United States Supreme

_____

[4] Szymanski contends that the circuit court applied the wrong test to the Rule 60(b) Motion because the court required Szymanski to show "bias in fact," as opposed to the appearance of impropriety to the reasonable onlooker. See State v. Ross, 89 Hawai'i 371, 377, 974 P.2d 11, 17 (1998). However, the circuit court identified as two of its bases for denying the Rule 60(b) Motion that Szymanski failed to show "any appearance of impropriety by the Court or Judge Loo" and "[n]o reasonable person could find that there was any appearance of impropriety or appearance of bias by the Court or Judge Loo."

Court decision in Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988), is binding on this court and mandates a conclusion that Judge Raffetto abused his discretion in concluding that Judge Loo did not need to recuse herself.  As covered below, while we agree that the issue is not moot, we reject Szymanski's contention that Judge Raffetto abused his discretion in denying the Rule 60(b) Motion.

### 1. Mootness Regarding Judge Loo's Recusal

Szymanksi contends the circuit court abused its discretion because relief based on a judge's conflict of interest can be granted even after the judgment has become final and affirmed on appeal.  This is an implicit argument against the circuit court's determination that the issue of Judge Loo's recusal is moot.  In fact, WRC contends in its answering brief that Szymanski's appeal is moot because the Rule 54(b) Judgment was already appealed, independently reviewed *de novo*, and affirmed in case No. 27254.

We agree with Szymanski that, notwithstanding that this court affirmed the Rule 54(b) Judgment in case No. 27254 upon a *de novo* review of the underlying motions for summary judgment, it does not mean the issue of Judge Loo's potential conflict of interest is moot.  While this court conducted a *de novo* review of the summary judgment motions, it does not appear that any party argued to this court that Judge Loo had a conflict of interest or that Judge Loo's financial disclosure statements were presented to the court in any way.  This issue was not decided.  "[A] fair trial in a fair tribunal is a basic requirement of due process." In re Estate of Damon, 119 Hawai'i 500, 508, 199 P.3d 89, 97 (2008) (citation and quotation marks omitted).  Szymanski, like all parties, was entitled to an impartial first review of the

Therefore, Szymanski's contention that the circuit court required him to show "bias in fact" is without merit.

6

issues.  While Szymanski's Rule 60(b) Motion may be "untimely" (to be discussed below), it is not moot.

## 2. Recusal Was Not Required

Szymanski contends that this court is required to follow Liljeberg and conclude that the circuit court abused its discretion in denying the Rule 60(b) Motion because Judge Loo possessed more than a *de minimis* pecuniary interest in the outcome of the case which gives the appearance of impropriety and mandates recusal of the judge.

HRCP Rule 60(b)(6) provides:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time[.]

(Emphasis added.)  HRCP Rule 60(b)(6) "provides for extraordinary relief and is only invoked upon a showing of exceptional circumstances."  Haw. Hous. Auth. v. Uyehara, 77 Hawai'i 144, 148, 883 P.2d 65, 69 (1994) (quoting Isemoto Contracting Co. v. Andrade, 1 Haw. App. 202, 205, 616 P.2d 1022, 1025 (1980)). Although HRCP Rule 60(b)(6) does not provide a statute of limitations, a motion must be filed within a "reasonable" time period.  Id. at 149, 883 P.2d at 70.  "What constitutes a 'reasonable time' is determined in the light of all attendant circumstances, intervening rights, loss of evidence, prejudice to the adverse party, the commanding equities of the case, and the general policy that judgments be final."  Hayashi v. Hayashi, 4 Haw. App. 286, 290, 666 P.2d 171, 175 (1983) (discussing Rule 60(b)(6) of the Hawai'i Family Court Rules, which is substantially similar to HRCP Rule 60(b)(6)).

Szymanski filed his Rule 60(b) Motion nearly seven years after the Order Granting Summary Judgment was filed and more than six years after the Rule 54(b) Judgment.  Szymanski had

not previously asserted any conflict for Judge Loo. Szymanski however contends that Judge Loo should have disqualified herself from this case because she had a pecuniary interest in its outcome, which created the appearance of impropriety. Szymanski contends that he did not discover this fact until 2011, when he reviewed her financial disclosures. We note, however, that Judge Loo's financial disclosure statements were available to Szymanski in 2003 and 2004.[5] Moreover, Szymanski has not demonstrated that "exceptional circumstances" exist in this case such that the circuit court's decision to deny his Rule 60(b) Motion was an abuse of discretion. See Hayashi, 4 Haw. App. at 291, 666 P.2d at 175 (stating a six year delay before filing a Rule 60(b)(6) motion "may or may not be unreasonable depending upon whether any exceptional circumstances are present which would mitigate the lengthy delay in bringing the motion").

Moreover, even assuming that "exceptional circumstances" under HRCP Rule 60(b) equates to whether Judge Loo was required to recuse herself years earlier, we conclude she was not so required in this case. In State v. Ross, 89 Hawai'i 371, 974 P.2d 11 (1998), the Supreme Court of Hawai'i provided a "two-part analysis for disqualification or recusal cases." Id. at 377, 974 P.2d at 17. "In the first part, Hawaii Revised Statutes (HRS) § 601-7 is applied to determine whether the alleged bias is covered by any of the specific instances prohibited therein." Id.

> If the alleged bias falls outside of the provision of HRS § 601-7, the court may then turn, if appropriate, to the notions of due process described in [State v. Brown, 70 Haw.

---

[5] The Financial Disclosure Statements that Szymanski attached to his Rule 60(b) Motion, used to show Judge Loo's financial investments at the time she presided over the summary judgment proceedings, were filed on April 1, 2003, March 5, 2004, and January 31, 2005. The Order Granting Summary Judgment was filed on October 20, 2004. Thus, at least the Financial Disclosure Statements filed on March 5, 2004 and April 1, 2003, in which Judge Loo listed herself as a shareholder in A&B, were available to Szymanski at the time of the summary judgment order.

459, 776 P.2d 1182 (1989)] in conducting the broader inquiry of whether "circumstances...fairly give rise to an appearance of impropriety and...reasonably cast suspicion on the judge's impartiality." <u>Brown</u>, 467 n.3, 776 P.2d at 158 n.3.

<u>Id.</u> (ellipses in original).

Based on <u>Ross</u>, we first look to HRS § 601-7 (1993 & 2015 Supp.), which provides in pertinent part:

**§601-7 Disqualification of judge; relationship, pecuniary interest, previous judgment, bias or prejudice.** (a) No person shall sit as a judge in any case in which:
> (1) The judge's relative by affinity or consanguinity within the third degree is counsel, or interested either as a plaintiff or defendant, or in the issue of which the judge has, either directly or through such relative, <u>a more than de minimis pecuniary interest</u>[.] [[6]]

(Emphasis added.) The applicability of HRS 601-7 is dependant on whether Judge Loo's financial interest was "more than de minimis pecuniary interest." The Hawai'i Revised Code of Judicial Conduct (HRCJC) (2008) has defined "'[d]e minimis' in the context of interests pertaining to disqualification of a judge, [as meaning] an insignificant interest that could not raise a reasonable question regarding the judge's impartiality."[7] In

---

[6] Effective April 15, 2004, the language in HRS § 601-7(a) changed from "any pecuniary interest" to "a more than de minimis pecuniary interest." 2004 Haw. Sess. Laws Act. 5 § 1 at 7. The House Committee on Judiciary and Hawaiian Affairs stated that the change was made so that the statute was reflective of the language in the Hawaii Revised Code of Judicial Conduct because "the code of conduct is more realistic for today's environment, and this measure will reconcile the current statute requirements for judge's disqualification with the code of conduct." S. Stand. Comm. Rep. No. 2921, in 2004 Senate Journal, at 1454.

[7] HRCJC Rule 2.11 offers additional guidance related to when a judge has an interest in the outcome of the litigation and provides in pertinent part:

> Rule 2.11. DISQUALIFICATION OR RECUSAL
> (a) Subject to the rule of necessity, a judge shall disqualify or recuse himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> . . . .

addition, 46 Am. Jur. 2d § 104 (2006) provides:

> The general rule is that stockholding by a judge constitutes disqualification where the interests of the corporation in which he or she is a stockholder are involved in the litigation instituted or pending before him or her. The most frequently applied limitation on the general rule of judicial disqualification through shareholding is that the "interest" of a stockholding judge in any pending matter may be too remote to be disqualifying, either because the stockholding is economically insignificant or because the involved corporation is merely indirectly or abstractly interested in the litigation.

(Emphasis added) (Footnotes omitted.)

We conclude that Judge Loo's ownership of stock in A&B was *de minimis* in the context of this case because Judge Loo's stock ownership was too remote of a financial interest to require disqualification. As stated above, A&B was not party to the case. WRC transferred a Limited Warranty Deed to Wailea Estates.

---

> (2) The judge knows that the judge, the judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such a person is:
>
> . . . .
>
> > (C) a person who has more than a de minimis interest that could be substantially affected by the proceeding;
>
> . . . .
>
> (3) The judge knows that he or she, individually or as a fiduciary, or the judge's spouse, domestic partner, parent, or child, or any other member of the judge's family residing in the judge's household, has an economic interest in the subject matter in controversy or in a party to the proceeding.
>
> . . . .
>
> (b) A judge shall keep informed about the judge's personal and fiduciary economic interests and make a reasonable effort to keep informed about the personal economic interests of the judge's spouse or domestic partner, minor children, or any other person residing in the judge's household.

10

A&B Properties, Inc. is a partner to Wailea Estates and A&B Properties is a subsidiary of A&B, in which Judge Loo owned stock. There is nothing to suggest the extent of how the purchase of the subject parcel of undeveloped land by a subsidiary of A&B would benefit a stock holder in A&B. If anything, any benefit is speculative. Wailea Estates purchased land that is not developed and any profits from the purchase are unknown. To the extent Judge Loo had any pecuniary interest, there is nothing in the record to suggest it was more than *de minimis*.

As to the second part of the Ross analysis, given that Judge Loo's interest, if any, was *de minimis*, the circumstances do not fairly give rise to an appearance of impropriety. The test for disqualification based upon an appearance of impropriety "is an objective one, based not on the beliefs of the petitioner or the judge, but on the assessment of a reasonable impartial onlooker apprised of all the facts." Ross, 89 Hawai'i at 380, 974 P.2d at 20. Applying this objective test, the record in this case does not reasonably raise a question regarding Judge Loo's impartiality or create the appearance of impartiality.

Szymanski contends that, contrary to the above analysis, we are required to follow Liljeberg and hold that Judge Loo should have recused herself. In Liljeberg, the United States Supreme Court addressed whether a judge should have disqualified himself pursuant to 28 U.S.C. § 455 (2012) due to a conflict of interest in the proceedings, such that his impartiality might reasonably be questioned. 486 U.S. at 858. The instant case, however, is distinguishable from Liljeberg.

Liljeberg involved a judge who was a member of the Board of Trustees of Loyola University. Id. at 850. The judge presided over a case involving an individual with whom the university was negotiating a land deal, and the negotiations

turned on Liljeberg prevailing in the litigation. _Id._ Further,

> [t]he proposed benefits to the University included not only the proceeds of the real estate sale itself, amounting to several million dollars, but also a substantial increase in the value to the University of the rezoned adjoining property. The progress of these negotiations was regularly reported to the University's Board of Trustees by its Real Estate Committee and discussed at Board meetings.

_Id._ at 853.

The Supreme Court held that "[t]hese facts create precisely the kind of appearance of impropriety that § 455(a) was intended to prevent." _Id._ at 867. The Supreme Court concentrated its analysis on the fact that the judge in _Liljeberg_ had a direct and substantial link to the outcome of the case, stating "it is remarkable that the judge, who had regularly attended the meetings of the Board of Trustees since 1977, completely forgot about the University's interest in having a hospital constructed on its property. . . ." _Id._ at 865. Moreover, the Supreme Court noted "it is an unfortunate coincidence that although the judge regularly attended the meetings of the Board of Trustees, he was not present at the January 28, 1982, meeting, a week after the 2-day trial and while the case was still under advisement." _Id._ at 866.

_Liljeberg_ is distinguishable from the instant case in that there was a direct and documented benefit to the judge as a member of the Board of Trustees, because the university would receive millions of dollars in proceeds from the land sale and the value of the university land would substantially increase. _Id._ at 853. In this case, to the contrary, any benefit to Judge Loo from her ownership of A&B stock is indirect and speculative. Given the facts of this case, there is not a similar risk of undermining the public's confidence in the judicial process as there was in _Liljeberg_. Unlike the judge in _Liljeberg_, Judge Loo did not have a direct financial link to the outcome of the case and any pecuniary interest is speculative and remote. Judge Loo

12

only had a *de minimis* pecuniary interest, if any, in the outcome of the proceedings, and thus her impartiality cannot reasonably be questioned. The circuit court did not abuse its discretion when it denied Szymanski's Rule 60(b) Motion.[8]

### C. Rule 59(e) Motion

Szymanski contends that the circuit court abused its discretion when it denied the Rule 59(e) Motion for reconsideration. Szymanski contends that the Rule 59(e) Motion should have been granted to correct a clear legal error and to prevent manifest injustice, and that Judge Loo should have heard the motion for reconsideration because she heard the underlying motions at issue.

"[T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion." Omerod v. Heirs of Kaheananui, 116 Hawai'i 239, 270, 172 P.3d 983, 1014 (2007) (citation and quotation marks omitted). In addition, "[r]econsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." Id. (citation and quotation marks omitted).

On appeal, Szymanski does not point to new evidence or argument that could not have previously been presented to the circuit court. Rather, Szymanski argues that the motion should have been granted "for the same reasons" as the circuit court abused its discretion in denying the Rule 60(b) Motion. Szymanski simply contends that there was error that needs to be corrected. The circuit court did not abuse its discretion when

---

[8] Szymanski contends that Judge Raffetto deprived Szymanski of his due process rights because Judge Raffetto denied the Rule 60(b) Motion and Szymanski was entitled to an impartial trial. However, Szymanski does not indicate any way in which Judge Raffetto's actions deprived him of due process in relation to consideration of his Rule 60(b) Motion.

it denied the Rule 59(e) Motion.

Further, Szymanski cites no case law that requires Judge Loo to have heard the Rule 60(b) and Rule 59(e) motions.

### III. Conclusion

For the foregoing reasons, the (1) Order Denying Rule 60(b) Motion, filed on January 4, 2012, and (2) Order Denying Rule 59(e) Motion, filed on July 11, 2012, in the Circuit Court for the Second Circuit, are affirmed.

DATED: Honolulu, Hawai'i, August 31, 2016.

On the briefs:

Keith M. Kiuchi,
for Defendant/Cross-Claim
Plaintiff/Cross-Claim Defendant/
Third-Party Plaintiff/Third-Party
Counterclaim-Defendant/Appellant.

Bruce H. Wakuzawa,
for Defendant/Cross-Claim Defendant/
Cross-Claim Plaintiff/Appellee.

Presiding Judge

Associate Judge

Associate Judge

14